UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DEBRA WHIPPS ROBINSON                                                                    PLAINTIFF

V.                                                                CIVIL ACTION NO.: 3:08cv135-DPJ-FKB

JACKSON PUBLIC SCHOOL DISTRICT, ET AL.                                       DEFENDANTS

**<u>ORDER</u>**

This employment dispute is before the Court on the motions in limine filed by Plaintiff Debra Whipps Robinson [56] and Defendant Jackson Public School District (JPS) [57]. Having fully considered the parties' submissions and the applicable law, the Court rules as follows:

I.      Facts/Procedural History

Robinson began work for Defendant Jackson Public Schools (JPS) in October 1999 as the Officer Manager in the Safety and Security Department. Her immediate supervisor was Defendant John Coleman. According to Robinson, Coleman created a hostile working environment within the department by calling women employees "bitches" and "whores" and by frequently and graphically describing sex acts he would like to perform on them. The Court granted portions of Defendants' Motion for Summary Judgment [34]. Robinson's sole remaining claim is for sexual harassment, brought against Coleman and JPS under 42 U.S.C. § 1983. All parties now seek to exclude certain evidence in limine. The issues were discussed during the pretrial conference held on this date, and the Court is now prepared to rule.

II.     Standard

The Fifth Circuit Court of Appeals has observed:

> A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion

>to strike or an instruction by the court to the jury to disregard the offending matter
>cannot overcome its prejudicial influence on the jurors' minds.

*O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (citation and quotation omitted).

III.    Analysis

    A.    Plaintiff's Motion in Limine [56]

JPS initially moves to strike Robinson's motion for lack of a supporting memorandum. While a memorandum was required by local rule, the issues are not complicated and the remedy sought is too draconian. The Court will therefore address each portion of Plaintiff's motion.

        1.    Evidence related to Robinson's discharge from employment with JPS after testing positive for marijuana

This Court previously dismissed Robinson's retaliation and wrongful-discharge claims. Order [52] Jan. 20, 2011. The sole remaining claim is for alleged sexual harassment in the form of a hostile working environment. Robinson has conceded that she will not attempt to offer any evidence related to the termination, which in many respects removes the probative value of the disputed evidence. But Defendants observe Robinson's testimony that the alleged harassment included Coleman's reoccurring threats to have her fired. They contend that Coleman's inability to terminate those under his supervision is probative of the totality of the circumstances, and they further observe that his lack of firing power speaks to whether he was a policymaker for purposes of imposing liability on JPS under § 1983.

The termination of employment, and Defendants' assertion that Coleman was not a decisionmaker, is relevant to the harassment claim and to JPS's potential liability for Coleman's actions. But because the Court dismissed the wrongful-termination aspects of this case,

substantial review of the termination itself would inject unfair prejudice, confusion and delay that would substantially outweigh the limited probative value. Fed. R. Evid. 403. The parties have been instructed to attempt to draft a stipulation that addresses the termination issue and Coleman's role, if any.

Although the termination is relevant, the reason—a positive drug test—is not. Whatever probative value may exist as to the basis of termination (which is not apparent) is substantially outweighed by the risk of unfair prejudice to Robinson. *Id*. The evidence also violates Rule 404(b). But as Defendants observe, there is risk that a jury could inappropriately speculate that the reason for the termination was improper. Accordingly, the parties are attempting to address that issue in the stipulation and have likewise been instructed to submit a proposed limiting instruction informing the jury that the reason for the termination has nothing to do with any issue in this case and that they should not speculate about it.

> 2. Evidence regarding the time or circumstances under which Robinson employed her attorney

Defendants contended that Robinson made certain decisions during the grievance process with the assistance of counsel. During the pretrial conference, it became apparent that the grievance process related to the termination of Robinson's employment, not her sexual harassment claim. Defendants also conceded that there is no evidence Robinson retained counsel before the termination. Thus, there is no evidence Robinson was represented at any point during the alleged harassment, and the grievance process did not relate to any of the remaining claims. The disputed evidence offers no probative value and is properly excluded under Rules 402 and 403.

>    3.   That plaintiff has been married more than once or that plaintiff Robinson may be divorced

Defendants did not address this portion of Robinson's motion, which is granted as uncontested.

>    4.   That plaintiff has called or failed to call any particular witness during the trial of this case

Defendants object to Robinson's motion to exclude reference to her decision not to call certain unidentified witnesses. According to them, they must be allowed to highlight the deficiencies in Robinson's case. But the Fifth Circuit has recognized error in allowing counsel to make so-called "uncalled-witness" arguments. *Verdin v. Sea-Land Serv.*, 8 F.3d 21 (5th Cir. 1993) (unpublished table decision) (finding error harmless in context of the evidence). As stated in *United States v. Virgen-Moreno*, "[I]t is well-settled that it is impermissible to draw any inference from a party's failure to call witnesses that were equally available to both sides." 265 F.3d 276, 291 (5th Cir. 2001); *accord* Fifth Circuit Pattern Jury Instruction 2.9. Of course a determination must be made as to whether the uncalled witness was equally available, but that decision will be made in light of the record at trial. The motion is granted. If a witness who was not equally available fails to testify, then the issue may be revisited outside the presence of the jury.

>    5.   Reference that any recovery by Robinson either would or would not be subject to federal income taxation or any other form of taxation

This portion of the motion is granted as uncontested.

B.     Defendants' Motion in Limine

        1.     Evidence regarding complaints, administrative charges and lawsuits by Lola McCarty, Sonia Carter, and others related to issues unrelated and/or dismissed from this action

Defendants seek to exclude prior charges, suits, and claims made by JPS employees McCarty, Carter, and others. They also seek to exclude anecdotal evidence of other alleged incidents of harassment involving different departments, different supervisors, different types of claims, and different alleged discriminatory or harassing actors, along with evidence of incidents occurring in different time periods. Robinson conceded the former and ignored the latter. Both of which are granted.

Although the issues presented in the motion were not disputed, the parties fleshed out the contours during the pretrial conference. It now appears that Carter's internal sexual harassment claim is intertwined with the factual predicate to Robinson's claim. But the parties agree that the details of those other claims should not be re-tried. Accordingly, there will be no reference to any lawsuits or formal complaints, but the fact of Carter's internal complaint may be referenced as it relates to Robinson's claim.

        2.     Evidence related to the dismissed claims

This matter is granted as uncontested.

        3.     Evidence related to alleged offensive conduct of which Robinson was unaware at the time it occurred

Defendants seek to exclude evidence of all allegedly harassing acts occurring outside Robinson's presence. As originally drafted, the motion is denied. First, the motion seeks a blanket pretrial evidentiary ruling of the sort viewed with scepticism by the Fifth Circuit. *See Kelly v. Boeing Petroleum Servs., Inc.*, 61 F.3d 350, 357 (5th Cir. 1995). Along these lines,

there is no per se prohibition against other-acts evidence. *Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008). Instead, the Court must carefully consider the disputed evidence in the context for which it is offered. *Id*. No such inquiry is possible based on the current record, and the Court can foresee potentially probative uses of the disputed category of evidence that would overcome a Rule 403 objection. This is particularly true in light of Robinson's need to demonstrate liability on the part of JPS, which cannot be vicarious under § 1983. *See*, *e.g.*, *Green v. Adm'rs of Tulane Educ. Fund*, 284 F.3d 642, 660 (5th Cir. 2002) (affirming admission of evidence regarding other acts of harassment to show notice), *abrogated on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006).

But during the pretrial conference, Defendants identified a particular statement Coleman allegedly made to Carter outside Robinson's presence. In her deposition, Carter states that in February or March 2005, "undertones he called me a bitch. I was coming down the hall and walking to my office." Pl.'s Resp. [38] Carter Dep. 26:3–4. This alleged incident raises a potentially tricky issue because of the date Carter claims it occurred. The jury will be asked to determine whether Robinson filed a timely claim. By her own admission, most of the alleged conduct occurred before February 29, 2005, which is the cutoff for limitations purposes. But as discussed in this Court's summary judgment order, "so long as an act contributing to that hostile environment takes place within the statutory time period," the claim will not be timed barred. Order [52] at 5 (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116 (2002)). Robinson does not contend that this act contributed to the hostile environment as to her. Rather, she offers it as probative evidence that Coleman continued to address female employees by

6

offensive terms after JPS intervened in January 2005, and that his conduct continued into the limitations period.

The admissibility of this evidence presents a close question because the potential for confusion and unfair prejudice exists with respect to whether this alleged act—that Robinson did not see—contributed to a hostile working environment after February 29, 2005. *Morgan*, 536 U.S. at 116. While the disputed testimony may well find its way into evidence at trial (with appropriate limiting instructions), the Court currently lacks a sufficient factual context to make a definitive ruling. Necessary context might be provided by the evidence at trial and possibly from proffered testimony by Robinson and Carter. Nevertheless, due to the potential for prejudice and confusion, the parties may not mention this disputed statement until the issue has been resolved outside the presence of the jury. The ruling should not prejudice Robinson, as she has previously identified other evidence demonstrating substantially similar acts after the limitations threshold.

        4.       Evidence related to consensual relationships among other employees

During the pretrial conference, Defendants confirmed that this portion of the motion was not intended to address consensual relationships involving Coleman. Robinson thereafter removed her objection, and the motion is granted.

        5.       Evidence regarding discipline issued to Coleman that was unrelated to Robinson's allegations

As originally drafted, the motion identified only two disciplinary matters for which the Defendants sought exclusion—improper use of a JPS vehicle and allowing a worker to attend a college class during working hours. Robinson has no objection to this portion of the motion, which is granted.

The parties have informed the Court that there exists another written reprimand that addresses more than one issue. That letter disciplines Coleman for perceived retaliation against Robinson for her involvement in the Carter investigation and addresses another incident of alleged sexual harassment. Robinson indicated that she has no intention of addressing the retaliation aspect of this exhibit, and she agreed to Defendants' suggestion that the exhibit be redacted. The Court agrees, and this portion of the motion is granted consistent with this ruling.

      6.      Hearsay evidence of alleged requests for sexual favors

Defendants' motion appears to be limited to events that occurred outside the office during a convention that Robinson did not attend and about which Robinson had no knowledge for approximately two years. The incidents involved Coleman and another male manager. Issues regarding another manager were previously conceded. As for Coleman, hearsay will not be allowed, but Robinson claims to have competent witness testimony to overcome the hearsay aspect of this motion. Substantively, the Court lacks sufficient information to know the context of the alleged act—e.g., whether it could be viewed as harassing. As it stands, concern exists that this information would be substantially more prejudicial than probative. Accordingly, the motion is granted, but Robinson may re-urge her position.

      7.      Evidence related to back pay, front pay and punitive damages, and the mention of a specific dollar figure regarding emotional distress damages

Robinson concedes that her claims for back pay and front pay are no longer viable and that no such evidence will be offered. Robinson did not respond to the portion of the motion dealing with punitive damages, and it does not appear that she sought punitive damages in her Complaint. Regardless, her attorney conceded the point during the pretrial conference. That portion of the motion is likewise granted.

The only remaining issue is whether Robinson should be precluded from mentioning a specific dollar amount in emotional-distress damages for failure to provide pre-discovery disclosures.  The argument is not well taken and is denied.  Pursuant to Federal Rule of Civil Procedure 37(c)(1), "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless."  First off, the error was harmless.  Emotional distress damages are not susceptible to mathematical calculation.  *See Williams v. Trader Publ'g Co.*, 218 F.3d 481, 486 n.3 (5th Cir. 2000) (noting that emotional distress damages "may not be amenable to the kind of calculation disclosure contemplated by Rule 26(a)(1)(C)").  Still, Defendants have known since Robinson's April 19, 2010, interrogatory responses that she seeks $175,000 for this category of damages.  There has been no prejudice related to the failure to serve pre-discovery disclosures.

Even if Robinson's oversight was harmful, Defendants likewise failed to comply with the rules.  Local Rule 26(a)(3)(3) provides that "[i]f a party fails to make a disclosure required by this section, any other party *must* move to compel disclosure and for appropriate sanctions under Fed. R. Civ. P. 37(a)" (emphasis added).  By their own admission, Defendants have known this issue since May 2008, but never moved to compel and never brought the matter to anyone's attention until now.  Given the lack of harm and Defendants' failure to comply with the local rules, the motion to exclude reference to a specific dollar amount in emotional distress damages is denied.

        8.      Evidence of pre-existing medical condition and conditions that were diagnosed after Robinson's employment for which no expert opinion has been offered on causation

This issue was clarified during the pretrial conference.  Apparently, Robinson has had certain medical conditions before and after her employment at JPS.  Defendants were concerned that Robinson might attempt to link these conditions and resulting medications to her employment without the benefit of expert testimony.  Robinson has now responded that she has no such intent, and the motion is therefore granted.

**SO ORDERED AND ADJUDGED** this the 18th day of February, 2011.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE